UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

THE UNITED STATES LIFE INSURANCE     :
COMPANY IN THE CITY OF NEW YORK,     :
                                     :     22-CV-7318 (OTW)
            Plaintiff,               :
                                     :     **OPINION & ORDER**
       -against-                     :
                                     :
MARIANELA DEJESUS, et al.,           :
                                     :
            Defendants.              :
                                     :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Interpleader Plaintiff the United States Life Insurance Company in the City of New York

("US Life") commenced this interpleader action against interpleader defendants Marianela

DeJesus ("Marianela"), Limary Carrasquillo ("Limary"), and Melina DeJesus ("Melina")

(collectively, the "Interpleader Defendants") pursuant to 28 U.S.C. § 1335 to resolve competing

claims to the death benefits payable pursuant to three variable annuities purchased by Justino

DeJesus (the "Decedent"). (ECF 1). Now before the Court is US Life's motion seeking to

discharge US Life from liability, dismiss US Life from the case, and restrain the Interpleader

Defendants from instituting or prosecuting any proceeding, in any court, affecting the funds at

issue. (ECF 81). For the reasons set forth below, US Life's motion is **GRANTED.**

   **I.      BACKGROUND**

       Between February and October 2014, the Decedent purchased three annuities from US

Life: (1) a $100,000 single premium deferred annuity, number 6CD03750; (2) a $79,095.04

single premium deferred annuity, number 6CD03874; and (3) a $50,000 single premium

deferred annuity, number 6CD08805 (collectively, the "Annuities"). (ECF 1 ¶¶ 7-11). Each of the

annuities designated "Marianela, Spouse, and Limary, Child," as 50% primary beneficiaries and did not designate a contingent beneficiary. (ECF 1 ¶¶ 8, 10, 12). Following the Decedent's death on January 26, 2021, the Annuities' death benefits became due and payable, and US Life received competing claims to the annuity benefits by the Interpleader Defendants. (ECF 1 ¶¶ 13-18). Marianela and Limary both asserted claims to 50% of the death benefits payable under each of the Annuities, and Melina asserted a claim to the full amount payable under the Annuities. (ECF 1 ¶¶ 16-18). US Life then prematurely distributed 50% of the death benefits payable under annuity number 6CD08805 to Limary. (ECF 1 ¶ 19).

It is uncontested that Interpleader Defendant Melina, proceeding here *pro se*, is Decedent's daughter. (ECF 85 at 5). Melina contends that the identification of Limary and Marianela as beneficiaries of the Decedent and the issuance of the Annuities was fraudulent, and thus she is entitled to the full share of the available annuity benefits. (ECF 85 at 1-2, 5).[1]

## II. PROCEDURAL HISTORY

US Life commenced this action on August 26, 2022. (ECF 1). Marianela was served on September 8, 2022, and Melina and Limary were served on September 9, 2022. (*See* ECF 11-13). Limary and Marianela filed their answers to the complaint and crossclaims against Melina on September 28, 2022. (ECF 14, 15). Melina filed her answer to the complaint on October 6, 2022. (ECF 16). The parties consented to my jurisdiction for all purposes under 28 U.S.C. § 636(c) and

---

[1] While filed on the docket as a "Motion for Interpleader Relief," ECF 85 appears to be her opposition to US Life's motion. (ECF 85) ("COMES NOW, Interpleader Defendant, Melina DeJesus, to answer Interpleader Plaintiff The United States Life Insurance Company in the City of New York, as to Plaintiff's Motion for Interpleader Relief[,] drafted April 12, 2024."). ECF 85 seeks no relief from the Court. Further, the Court did not provide for any cross-motions in its April 4, 2024, Order. Accordingly, the Court construes Interpleader Defendant Melina's filing at ECF 85 only as her opposition to US Life's motion for interpleader relief.

Fed. R. Civ. P. 73 on December 30, 2022. (*See* ECF 22, 24). On April 12, 2023, US Life filed a

motion seeking to tender to the Clerk of the United States District Court, Southern District of

New York, an amount of $204,095.04 plus accrued interest, if any, representing the remaining

death benefits payable pursuant to the Annuities, in the Disputed Ownership Fund in an

interest bearing account. (ECF 38). US Life's motion was granted on April 20, 2023. (ECF 40). The

interpleader deposit was received by the Court in the amount of $245,482.41 (the

"Interpleader Stake") on May 24, 2023, and deposited in the Court's Registry Investment

System on June 8, 2023. US Life filed a motion to discharge on June 5, 2023, which was later

withdrawn. (*See* ECF 43, 54). The Court held a status conference with the parties on February

13, 2024. (ECF 77). After setting a briefing schedule for US Life's motion for interpleader relief,

(ECF 80), US Life filed its motion on April 12, 2024, seeking (1) to discharge US Life pursuant to

28 U.S.C. § 1335 and 28 U.S.C. § 2361 and (2) to enjoin the Interpleader Defendants from

instituting any further action against it related to the Annuities. (ECF 81). Interpleader

Defendant Melina filed her opposition on May 10, 2024.  (ECF 85). US Life filed their reply brief

on July 14, 2024. (ECF 87).[2]

### III.    LEGAL STANDARD

This interpleader action was filed pursuant to 28 U.S.C. § 1335, which provides district

courts with original jurisdiction over:

---

[2] Briefing on US Life's motion for interpleader relief concluded with US Life's reply filed on July 14, 2024. The Court notes that Interpleader Defendant Melina, who is proceeding *pro se*, has since filed (1) a notice of motion regarding her opposition, which was filed two months after her opposition on September 7, 2024, (ECF 89); (2) a reply memorandum of law in support of her opposition, filed on September 7, 2024, (ECF 91); and (3) two letters submitting additional documentation in support of her opposition, filed on December 1, 2024. (ECF 93, 94). Because the court construes Interpleader Defendant Melina's filing at ECF 85 as just an opposition and not a cross motion, the Court will not consider these filings in determining the instant motion for interpleader relief.

> [A]ny civil action of interpleader … filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, … if:
>
> (1) Two or more adverse claimants, of diverse citizenship … are claiming or may claim to be entitled to such money …; and if (2) the plaintiff has deposited such money … into the registry of the court, there to abide the judgment of the court….

28 U.S.C. § 1335. "Normally, an interpleader action is concluded in two stages, the first determining that the requirements of § 1335 are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants." *New York Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983); *Bank of Am., N.A. v. Morgan Stanley & Co.*, 10-CV-6322 (RJH), 2011 WL 2581765, at *6 (S.D.N.Y. June 24, 2011). "In such an action, the court is to hear and determine the case, and may discharge the plaintiff from further liability, may enter a permanent injunction restraining the claimants from proceeding in any state or United States court in a suit to affect the property, and may make all appropriate orders to enforce its judgment." *New York Life Ins. Co.*, 700 F.2d at 95 (citing 28 U.S.C. § 2361) (internal quotations omitted). If the requirements of § 1335 are met and the plaintiff is a "neutral stakeholder" that "asserts no claim to the stake," a court can and should discharge the stakeholder under 28 U.S.C. § 2361. *Bank of Am., N.A.*, 2011 WL 2581765 at *11. Discharge of the stakeholder may only be delayed or denied if there are "serious charges that the stakeholder commenced the action in bad faith." *Id.* at 96.

28 U.S.C. § 2361 also allows for a court to "enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361; *Bank of Am., N.A.*, 2011 WL 2581765 at *12. If a party meets the

requirements under § 1335, they may obtain a restraining order without following the procedures normally required under Fed. R. Civ. P. 65. *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992); *see also Bank of Am., N.A.*, 2011 WL 2581765 at *12. "An injunction against overlapping lawsuits is desirable to insure the effectiveness of the interpleader remedy. It prevents the multiplicity of actions and reduces the possibility of inconsistent determinations." *Sotheby's*, 802 F. Supp. at 1066.

### IV.    DISCUSSION

#### A.    Interpleader Jurisdiction

As Interpleader Plaintiff US Life's motion for interpleader relief implicates only the first stage in adjudicating an interpleader action, the Court now considers whether it has interpleader jurisdiction.[3] *See Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002) ("To determine whether an interpleader action is appropriate, therefore, a court must assess whether the stakeholder legitimately fears multiple liability directed against a single fund, regardless of the merits of the competing claims.").

Here, the threshold jurisdictional inquiries are satisfied. First, Marianela, Limary, and Melina are diverse claimants in this action; Marianela and Limary are citizens of New York, and Melina is a citizen of Georgia, and § 1335 only requires "minimal diversity," meaning "diversity of citizenship between two or more claimants, without regard to the circumstances that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530

---

[3] While the Annuities are comprised of three separately purchased annuities, they are "sufficiently related and distinct as a group to constitute an identifiable res." *JP Morgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 269 (S.D.N.Y. 2024).The "existence of a single plaintiff, a discrete period of time, and a single source of liability bring this action within the traditional ambit of interpleader." *Id.* at 270 (citing *Bear Stearns Sec. Corp. v. 900 Cap. Servs., Inc.*, 204 F. Supp. 2d 538, 542 (E.D.N.Y. 2002)).

(1967); *Bank of Am., N.A.*, 2011 WL 2581765 at *8. Second, the combined total of the Annuities far exceeds the jurisdictional amount of $500. Third, US Life deposited the stake with the Court on May 24, 2023. Finally, Marianela and Limary are adverse claimants to Melina, as they have competing and mutually exclusive interpretations of how the Annuities should be distributed. Therefore, US Life is exposed to the threat of multiple liability, and an interpleader action is appropriate. *See Bank of Am., N.A.*, 2011 WL 2581765 at *9.

### B.  The Doctrine of Unclean Hands Does Not Preclude Interpleader

As interpleader is "fundamentally an equitable remedy," the rule that one who seeks equitable relief must come into court with clean hands applies. *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 362 (S.D.N.Y. 2008) (citing *Royal Sch. Labs., Inc. v. Town of Watertown*, 358 F.2d 813, 817 (2d Cir. 1966)). If there are serious charges that the interpleader action was brought in bad faith, the interpleader plaintiff should not be discharged. *Bank of Am., N.A.*, 2011 WL 2581765 at *11; *see also Windmill Distributing Co. L.P. v. Jaigobind*, 23-CV-1407 (KAM) (JMW), 2023 WL 4565402, at *5 (E.D.N.Y. May 11, 2023). Negligence is not sufficient; a party must have committed conduct that evinces wrongful intent or willful misconduct. *William Penn Life Ins. Co. of New York*, 569 F. Supp. at 362. Courts have found bad faith where the interpleader plaintiff intentionally failed to comply with a court order or where the plaintiff was "completely controlled by one of the interpleaded defendants, suggesting only an illusory concern about competing claims." *JP Morgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 272 (S.D.N.Y. 2024).

Interpleader Defendant Melina argues that US Life should not be discharged from this action because (1) Elvio Catania, an employee and "agent" of US Life, executed copies of the

Annuities that had "glaring" deficiencies; (2) the identification of the beneficiaries under the Annuities was "fraudulent on its face" because Limary and Marianela are not the children of Decedent;[4] and (3) US Life prematurely disbursed approximately $28,000 under annuity number 6CD08805 to Limary. (ECF 85). None of these assertions suggest that US Life acted in bad faith in bringing this action or is an interested stakeholder such that they should not be discharged from this action. Whether the Annuities were executed with deficiencies or with fraudulent identification of beneficiaries are issues that should be and will be litigated between the Interpleader Defendants at the second stage of this litigation, and Melina does not suggest with any factual support that US Life, through Elvio Catania, was acting under the control of Marianela and/or Limary such that there is an "illusory concern about competing claims."[5] *JP Morgan Chase Bank*, 710 F Supp. 3d at 272. Further, while US Life could have "better safeguarded the [Annuities] to avoid premature disbursement," such premature disbursement alone is not sufficient to find US Life's action is "so utterly baseless that its assertion of multiple claims is not made in good faith." *Id.* at 273 (internal quotations omitted).

Because the requirements of § 1335 have been satisfied and there is no indication that US Life has acted in bad faith, is an interested stakeholder, or is otherwise liable to any of the Interpleader Defendants, *see Karen v. PNC Bank*, 22-CV-3200 (LGS), 2023 U.S. Dist. LEXIS 2753,

---

[4] Interpleader Defendant Melina asserts that Marianela was married to Decedent, and that Limary is Marianela's daughter. (ECF 85 at 2, 4).

[5] Even if the Court did consider Interpleader Defendant Melina's additional filings outside the scope of the briefing schedule, these filings only provide additional documentation purportedly in support of Melina's claims that executed copies of the Annuities had deficiencies that render them void and/or that Marianela and Limary are not the children of Decedent. These documents do not tend to suggest that US Life itself acted in bad faith such that the interpleader action or discharge at this stage is inappropriate.

at *3 (S.D.N.Y. Jan. 6, 2023) (citing *Solar Spectrum LLC v. AEC Yield Cap. LLC*, 18-CV-7950, 2019 WL 5381798, at *5 (S.D.N.Y. Oct. 22, 2019)), US Life's request to be discharged is **GRANTED**.

### C. Relief

In addition to discharge from this action, US Life requests a permanent injunction restraining the Interpleader Defendants from commencing any suits concerning entitlement to the Interpleader Stake. Here, a permanent injunction restraining the Interpleader Defendants is necessary to protect US Life from a multiplicity of actions. Because US Life has met the requirements of § 1335, US Life's request for a permanent injunction under § 2361 is **GRANTED.**

### V.    CONCLUSION

For the foregoing reasons, US Life's motion is **GRANTED.** Pursuant to 28 U.S.C. §§ 1335 and 2361, US Life is hereby **DISMISSED** from this case and discharged from all liability with respect to the disputed Annuities at issue in this case, and the Interpleader Defendants are permanently **ENJOINED** and **RESTRAINED** from instituting or prosecuting any proceedings against US Life affecting the disputed Annuities, except that the Interpleader Defendants may continue to prosecute this case without involving US Life. The next step in this case will be to adjudicate the cross-claims of the Interpleader Defendants, who each claim that they are entitled to the funds deposited by US Life with the Court.

The Clerk of Court is respectfully directed to close ECF Nos. 81 and 85. The Clerk of Court is further directed to terminate Plaintiff in Interpleader the United States Life Insurance Company in the City of New York from this case.

Now, the Office of Pro Se Litigation is respectfully directed to attempt to locate a full scope pro bono attorney to represent Interpleader Defendant Melina in this case. Further, this case is hereby **STAYED** for a period of forty-five (45) days, or until counsel is secured for Melina, whichever comes first.

Counsel for Limary and Marianela are directed to serve a copy of this order on Defendant Melina DeJesus.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: March 17, 2025       **Ona T. Wang**
       New York, New York       United States Magistrate Judge

9